UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN HANI ASSAF,
and RITA FROST,

    Plaintiffs,

v.

Case No. 10-10488
Hon. Lawrence P. Zatkoff

DISTRICT DIRECTOR, USCIS DETROIT;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; U.S. ATTORNEY
GENERAL; FEDERAL BUREAU OF
INVESTIGATION,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 14, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss as moot [dkt 5]. Plaintiffs have not filed a response, and the time period in which to do so has lapsed. The Court finds that the facts and legal arguments are adequately presented in Defendants' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendants' motion to dismiss [dkt 5] is GRANTED.

### II. BACKGROUND

Plaintiffs Hassan Hani Assaf and Rita Ann Frost filed a complaint for mandamus under, among other statutes, the mandamus statute, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, seeking an order compelling the United States Citizenship and Immigration Services to adjudicate the Form I-130, Alien Relative Petition, filed by Rita Ann Frost on behalf of Hassan Hani Assaf. On March 11, 2010, the United States Citizenship and Immigration Services issued its decision on the petition. Although Plaintiffs may appeal the decision to the Board of Immigration Appeals, there is no relief that this Court can grant. Therefore, Defendants argue that this case must be dismissed as moot.

## III. LEGAL STANDARD

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted," *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004), because "[a] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). "The test for mootness 'is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . .'" *McPherson v. Mich. High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). In other words, "mootness addresses whether [the] plaintiff continues to have an interest in the outcome of the litigation." *Cleveland Branch, N.A.A.C.P.*, 263 F.3d at 525.

## IV. ANALYSIS

Because the United States Citizenship and Immigration Services has adjudicated Plaintiffs' Form I-130, the Court is unable to grant the relief requested in the complaint, and Plaintiffs no longer have an interest in the outcome of the litigation. Therefore, the Court finds that the case is moot and must be dismissed.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss [dkt 5] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 14, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290